```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| TORQOISE K. WILLIAMS,<br><br>          Plaintiff,<br><br>     v.<br><br>CAMDEN COUNTY CORRECTIONAL,<br><br>          Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>     Civil Action<br>   No. 16-7871 (JBS-AMD)<br><br>        **OPINION** |

APPEARANCES:

Torqoise K. Williams, Plaintiff Pro Se
724 Berkley Street
Camden, New Jersey 08101

**SIMANDLE, Chief District Judge:**

**I.   INTRODUCTION**

　　Plaintiff Torqoise K. Williams seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against the Camden County Correctional. Complaint, Docket Entry 1. Based on Plaintiff's affidavit of indigency, the Court will grant her application to proceed *in forma pauperis*.

　　At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the

complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II. BACKGROUND

Plaintiff alleges she was detained in the Camden County Correctional Facility ("CCCF") on the following dates: August 7, 2007; September 25, 2007; May 8, 2008; May 22, 2008; June 29, 2011; and July 8, 2011. Complaint § III. She further alleges that during these dates she was forced to sleep on the floor on a "ripped up, torn, bug infested sour mat" due to overcrowding in the cell. She further alleges that she suffers from "degenerative disc disease which sleeping on the concrete floor made it worse." *Id.*

## III. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS*

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IV. DISCUSSION**

    Plaintiff seeks monetary damages for allegedly unconstitutional conditions of confinement in the CCCF that she experienced during multiple detentions between 2007 and 2011. Plaintiff's complaint is barred by the statute of limitations, which is governed by New Jersey's two-year limitations period for personal injury.[1] *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983 action is determined by

---

[1] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).

federal law, however. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

"Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez*, 773 F.3d at 480 (internal quotation marks omitted). Plaintiff states she was detained on various dates between 2007 and 2011 with the most recent confinement occurring on July 8, 2011. The allegedly unconstitutional conditions of confinement at CCCF would have been immediately apparent to Plaintiff at the time of her detention; therefore, the statute of limitations for Plaintiff's claims expired July 8, 2013 at the latest. As there are no grounds for equitable tolling of the statute of limitations,[2] the complaint will be dismissed with prejudice. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

---

[2] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).

**V.   CONCLUSION**

For the reasons stated above, the complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.


**February 14, 2017**          **s/ Jerome B. Simandle**
Date                            JEROME B. SIMANDLE
                                Chief U.S. District Judge